## No. 4344.

STATE OF LOUISIANA *v.* EDWARD KELLY, *alias* JACK TOBY.

| 25b | 381 |
| 45 | 939 |
| 25b | 381 |
| 48 | 654 |
| 25b | 381 |
| 50 | 929 |
| 25 | 381 |
| Case 2 | |
| 106 | 186 |
| 25 | 381 |
| Case 2 | |
| 115 | 789 |

·The statute of Louisiana authorizing prosecutions by the District Attorney on information is not in conflict with the fifth amendment to the constitution of the United States, which declares "that no person shall be held to answer for a capital or other infamous crime, unless on a presentment or indictment by a grand jury." The restriction by this amendment has no application to State courts.

Where the accused, on his being brought to the bar in the custody of the sheriff, is ready for his trial, it is to be presumed that if he has no counsel and does not ask the court to assign him one, he chooses to be heard in his own defense.

·.The fact that, on his application for a new trial, he stated that he was without counsel and was thus unable to defend himself, is no reason why this court should reverse the judgment which was based upon the verdict of a jury.

~When the offense with which the prisoner was charged consisted in his having entered a vessel in the day time with intent to steal, it was not necessary that the information should have recited and described the precise article which he intended to steal. It is sufficient if the indictment is drawn up in accordance with the statute on this subject. R. S. section 854.

APPEAL from the First District Court, parish of Orleans. *Abell, J.* Criminal case. *Edward Kelly, in propria persona*, appellant. *Simeon Belden*, Attorney General, for the State.

MORGAN, J. The defendant has appealed from the judgment of the district court, which sentences him to three years' imprisonment at' hard labor in the penitentiary, he having been found guilty of entering .a vessel, in the day time, with intent to steal. The proceedings against .him were by information of the district attorney. The counsel ap-

pointed by this court, at his request, assigns for error to appellant's prejudice, and apparent upon the record:

*First*—That the constitution of the United States (fifth amendment) provides that no person shall be held to answer for a capital or other infamous crime, unless on a presentment or indictment by a grand jury, and he contends that inasmuch as he has been convicted of an infamous crime, under the sixth act of the State constitution, which provides that prosecutions shall be by indictment or information, and the 977th article of the Revised Statutes, which provides that prosecutions for offenses not capital may be by information, with the consent of the court first obtained, the proceeding was in violation of the third article of the constitution of the United States above referred to, and, consequently, that his conviction was unlawful.

This objection has been settled by former adjudications of this court. In the case of the State *v.* Jackson et al. we held that the statute of the State of Louisiana authorizing prosecutions by the district attorney on information is not in conflict with the fifth amendment to the constitution of the United States, which declares " that no person shall be held to answer for a capital or other infamous crime, unless on a presentment or indictment by a grand jury." The restriction by this amendment to the constitution of the United States has no application to State courts. 21 An. 574.

*Second*—The second error he assigns is that when the appellant was arraigned and plead not guilty, he was not asked by the court whether he was provided with counsel, and although notified of the fact, in the motion for a new trial, that he was unable to make his defense by counsel learned in the law, the court even then assigned him no counsel to undertake his defense.

The sixth article of the constitution of the State secures to every person charged with crime the right of being heard by himself or counsel. But we do not understand that counsel can be forced upon him. He has the right to be heard by himself, and inasmuch as when brought to the bar in the custody of the sheriff, as appears from the record, he was ready for his trial, we must presume that if he had no counsel, and did not ask the court to assign him one, he chose to be heard in his own defense. The fact that in his application for a new trial he stated that he was without counsel, and was thus unable to defend himself, is no reason why this court should reverse the judgment which was based upon the verdict of a jury.

*Third*—The third error assigned is that the information does not recite when, where or what the accused intended to steal; and that, as the act charged against him is criminal only from the intent, the intention should have been stated in the information specifically, as essential to and involving the very existence of the crime.

The offense consists in the prisoner having entered a vessel in the daytime with intent to steal, and the indictment is drawn up in accordance with the statute upon this subject. R. S., sec. 854. The law does not say that the precise article which he intended to steal shall be described. Indeed, this would be impossible. The punishment is for the commission of the offense. This is a question of fact, and whether or no the evidence justifies the finding of the jury we are precluded from considering.

Judgment affirmed.