STATE v. REYNOLDS.

1. INDICTMENT—TIME—CRIMINAL LAW—EVIDENCE.—Where time is not of the essence of the offense charged, it is not necessary to prove that the offense was committed at the time laid in the indictment.

2. HUSBAND AND WIFE—EVIDENCE—WITNESS—CRIMINAL LAW.—A

husband or wife is a competent witness for or against each other in any criminal prosecution, *provided* that neither shall be compelled to disclose any confidential communication during marriage.

Before WATTS, J., Fairfield, September term, 1896. Affirmed.

The opinion fully states the facts.

*Mr. J. E. McDonald,* for appellant, cites: *On first point:* 31 Ohio St., 39; 10 Neb., 307; 2 S. C., 23; 8 S. C., 243; 10 Rich., 148; 13 S. C., 389; 4 Dev., 323. *On second:* 137 U. S., 496; 93 Mich., 254; 110 Mo., 350; 26 Me., 30; 62 Ala., 12; 31 N. J. L., 77; 3 Dev. & Bat., 110; 15 S. C., 540; 18 Wall., 453; 48 Tex., 510; 20 Ohio St., 333; 87 Penn., 253; 16 S. C., 453.

*Mr. Solicitor Henry,* contra, cites: *On first point:* 10 Rich., 148; 13 S. C., 392. *On second:* Code, 400, subs. 1, 2, and 3; 13 S. C., 462; 15 S. C., 540; 16 S. C., 453; Code, 8; Code 1870, 415; 2 N. & McC., 333.

March 1, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appellant, Joseph Reynolds, was convicted and sentenced under an indictment charging him with having carnal intercourse with his own daughter, on the 15th day of March, 1894, and on divers other days, both before and since that date, up to the day of the finding of the indictment, first Monday in June, 1896.

The record raises but two questions: 1. Did the Circuit Judge err in permitting the State to offer testimony to show that the offense was committed seven years prior to the date laid in the indictment? We think not. It is well settled that it is not necessary to prove the precise day, or even year, laid in the indictment, except where time enters into the nature of the offense, or is made part of the description of it. *State* v. *Anderson,* 3 Rich., 176, *State* v. *Porter,* 10 Rich., 148, *State* v. *Branham,* 13 S. C., 392. There is no statute of limitation in

this case, and it is clear that time is not of the essence of the offense charged.

2. Was the wife of the defendant a competent witness against him in this case, and did the Circuit Judge err in permitting the wife to testify against her husband? At common law, neither husband nor wife was competent to testify for or against the other, except in certain exceptional cases, not relevant now to specify. It is necessary, therefore, to ascertain if the common law rule has been changed in this State by statute. It is provided in sec. 400 of the Code of Procedure as follows: Subdiv. 1. "In any trial or inquiry in any suit, action or proceeding in any court, or before any person having, by law or consent of the parties, authority to examine witnesses or hear evidence, the husband or wife of any party thereto, or of any person in whose behalf any such suit, action or proceeding is brought, prosecuted, or opposed, or defended, shall, except as hereinafter stated, be competent and compellable to give evidence, the same as any other witness, on behalf of any party to such suit, action or proceeding." Subdiv. 2. "No husband or wife shall be compellable to disclose any confidential communication made by one to the other during their marriage." The Code, in sec. 4, defines *actions* to be of two kinds, civil and criminal, and in sec. 5 it is stated, "A criminal *action* is *prosecuted* by the State as a party, &c." It will be observed that sec. 400 speaks of *any* suit, *action* or proceeding brought, *prosecuted*, opposed or defended in *any* court. It is clear, therefore, that the primary and natural meaning of the terms used include a prosecution or criminal action. It cannot be said that this provision in the Code of Civil Procedure relates only to civil proceedings, for in this sec. 400 it is expressly provided that "Nothing contained in sec. 8 of this Code of Procedure shall be held or construed to affect or restrain the operation of this section." In sec. 8 it is provided, "This Code of Civil Procedure is divided into two parts: the first relates to courts of justice and their jurisdiction; the second relates

to civil actions in the courts of the State." So that sec. 400, which is in the second part of the Code, expressly guards against the construction that it relates only to civil actions. This view is not in conflict with the cases of *State* v. *Belcher*, 13 S. C., 459; *State* v. *Workman*, 15 S. C., 540; and *State* v. *Dodson*, 16 S. C., 460. These cases were decided in 1880 and 1881, and did hold, in effect, that the common law rule, rendering husband and wife incompetent, as a general rule, to testify for or against each other in a criminal case, was still in force in this State. When these cases were decided, the section under consideration contained the following provision as subdiv. 2: "Nothing herein contained shall render any husband or wife competent or compellable to give evidence for or against the other in any criminal action or proceeding, except, &c." This provision necessarily restrained the generality of the terms used in sec. 400. (415) as it then stood. In *State* v. *Belcher*, *supra*, this Court spoke of this provision as "manifestly for the purpose of excluding the inference that the provision of the section might be construed as applying to criminal actions." In 1882, however, the legislature dropped the provision last above quoted from sec. 400. If, therefore, the insertion of this provision was for the purpose of excluding the inference that sec. 400 (415) might be construed as applying to criminal actions, it is reasonable to suppose that its omission by the legislature in 1882 was for the purpose of having that section so construed as to apply to criminal actions also, by removing the limitations placed on the general terms employed. Mindful, therefore, of the rule, that statutes in derogation of the common law must be strictly construed, we hold that subdivisions 1 and 2 of sec. 400 of the Code applies to criminal as well as to civil actions, and that a husband or wife is a competent witness for or against each other in any criminal prosecution or proceeding, provided that no husband or wife shall be compelled to disclose any confidential communication made by one to the other during the marriage. The testimony of the wife in the case at bar

was not in reference to any confidential communication made to her by her husband, nor was she compelled to testify. The judgment of the Circuit Court is affirmed.