### JUAN FRANCISCO LOPEZ v. THE STATE.

#### No. 2731. Decided May 11, 1904.

**1.—Evidence—Theft—Appropriation.**

See opinion for evidence held sufficient to prove a fraudulent and permanent appropriation of the property alleged to have been stolen.

**2.—Same—Fraudulent Taking.**

Where the evidence showed that the owner of the fillies alleged to have been stolen missed them from their range and that they were afterwards found on the ranch of defendant's aunt with her brand on them, and he admitted the taking of the animals and of placing his aunt's brand upon them, it was sufficient to support the conviction.

**3.—Practice—Right to Be Represented by Counsel.**

The court is not authorized to appoint counsel for defendant except in capital felony.

**4.—Same—Ignorance of the Law.**

Ignorance of a defendant of his rights under the law in not placing certain witnesses on the stand or propounding questions to them when on the stand, can not avail him on motion for new trial.

Appeal from the District Court of Starr. Tried below before Hon. Stanley Welch.

Appeal from a conviction of theft of horses; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jas. B. Wells,* for appellant.—To sustain a conviction for theft the evidence must show, beyond a reasonable doubt, that the party charged with the offense had, at the time of the alleged taking, the specific intent to deprive the owner of the value of the property charged to have been stolen.

In order to sustain a conviction for theft the evidence must show, beyond a reasonable doubt, that at the time of the alleged taking of the property charged to have been stolen the party charged with the crime had the specific intent to appropriate the property charged to have been stolen to his own use, and also that he did so appropriate it. Loza v. State, 1 Texas Crim. App., 488; Dignowitty v. State, 17 Texas, 521; Guest v. State, 24 Texas Crim. App., 235; Holsey v.

State, 24 Texas Crim. App., 35; Jones v. State, 49 S. W. Rep., 387; Wilson v. State, 18 Texas Crim. App., 270; Ainsworth v. State, 11 Texas Crim. App., 339; Kay v. State, 40 Texas, 31; Varas v. State, 41 Texas, 527; Isaacs v. State, 30 Texas, 450; Blackburn v. State, 44 Texas, 457; and especially see Beck v. State, 44 Texas, 430; Cunningham v. State, 27 Texas Crim. App., 479.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of horses, and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant assigns as error the action of the court refusing to grant a new trial, and contends that the evidence is wholly insufficient to support the verdict. Among other things he insists that the evidence does not show that there was an actual taking or removing of said animals from their accustomed range; and that the evidence fails to show any intent to permanently appropriate said animals to appellant's own use and benefit. We have examined the record carefully in that respect, and we do not agree to this contention. The owner of the animals, Faustino Garza, testified that he missed the three fillies belonging to him from their range; that they were twenty months old at the time and unbranded; that they were taken from the range. They were the property of witness, as were the mothers of said fillies, and were known to him by their flesh marks. These animals, according to his statement, appear to have been missing from their range about a month, when he received information from one Ruiz that they were in possession of appellant and his codefendant under another indictment, Miguel Lopez; and they were subsequently found under information thus received at the ranch of Ramona Lopez, with whom defendant and said Miguel Lopez lived: said Ramona being the aunt of defendant and mother of his codefendant. When found they had the brand of said Ramona Lopez on them. Defendant is shown to have admitted the taking of the animals, and that he and Miguel put the brand of his aunt upon them. Under all the authorities we think this is a sufficient taking. Does the proof show a fraudulent taking with intent to appropriate the animals to appellant's own use? Of course, as in most cases this intent is to be arrived at by circumstances. Among other things, after the owner missed the animals he made inquiry of appellant as to their whereabouts, and appellant denied any knowledge of them. Afterwards, when they were found by prosecutor, he then admitted taking and branding the filies, but claimed that he had authority to do so from the owner. He even testified in his voluntary statement that this permission by the owner was given in the presence of two other parties, giving their names. Subsequently on the trial, however, he testified that one Victoriano

Bazan gave him authority to take said animals; that said Bazan told him to put his brand on them, so that the fillies could be known; that he could not find Bazan's branding iron, and he put the brand of Ramona Lopez on them. He says in that connection, that the reason he did not tell the owner when he made the inquiry of him about the fillies, was because Bazan had requested him, if the owner made any inquiries about the fillies or their branding, not to tell him anything about it It occurs to us that this clearly shows a fraudulent taking; that when detected in one false statement he made another and attempted to explain his failure to tell the owner about his authority from Bazan by stating that he was requested by Bazan not to tell the owner anything about his branding the animals. So, whether the first or last statement be really the truth, in either event it appears that he was engaged in stealing animals from the owner; that is, according to his last statement he was assisting Bazan in fraudulently taking from the owner. Defendant's evidence shows an appropriation of the animals; even if it be conceded that it was not the purpose of appellant to appropriate the animals to his own use, but to divest the owner of his property and place the ownership in his aunt, the result would be the same; it would equally be an appropriation by appellant. But appellant insists that his motion for new trial should have been granted because he was without a lawyer in his original defense, and only secured one on motion for new trial; and that the affidavits procured afterwards indicate that he did not commit a theft, and being ignorant of the law he was not afforded a fair trial; that therefore this cause should be reversed. We are aware of no statute authorizing the court to appoint counsel for defendant in any other than a capital felony. Nor do we know of any rule of law which would require this court to distinguish a trial where defendant is represented by himself or one in which he is represented by able counsel. The most that can be said as to the affidavits is that they stand in the attitude of newly discovered testimony. Yet both of the parties who make these affidavits were before the court. One of them, prosecutor Faustino Garza, testified in the case and was subject to cross-examination. The other, it is shown, was in the courtroom at the time of the trial, and appellant knew that he was in the courtroom; and he appears to have known from his own statement the facts contained in the affidavit of Victoriano Bazan. His ignorance of the law as to his right to have placed him on the stand is not a matter about which he can complain. Whatever may be said as to the effect of said affidavits, appellant is not in a condition to avail himself of the facts therein stated. However, an inspection of said affidavits does not convince us that appellant was free from fraud in taking said animals. We suspect that the further examination of said witnesses would leave the case in about the same attitude as it was at the trial. At any rate appellant can not now avail himself of a matter contained in said affidavits, and invoke the action

of this court to reverse the case. There being no error in the record, the judgment is affirmed.

*Affirmed.*