6535

## STATE v. TALLEY.

1. OBTAINING GOODS UNDER FALSE PRETENSES.—One presenting a claim to the Board of County Commissioners for services for which he knew the County had paid him, obtaining a warrant therefor and collecting it of the County Treasurer, is guilty of obtaining money under false pretense, whether the Supervisor and his board knew of and participated in the fraud or not.
2. IBID.—It is immaterial whether the claim was made out in the form required by statute or not.
3. IBID.—EVIDENCE.—On issue of fraudulent intent it is competent to prove similar offenses.

Before WATTS, J., Greenville, May Term, 1906. Affirmed.

Indictment against D. B. Talley for obtaining money under false pretenses. Defendant appeals from sentence.

*Messrs. Joseph A. McCullough* and *B. M. Shuman, for* appellant. *Mr. McCullough* cites: *If supervisor is not deceived, it is not a false pretense:* 12 Ency., 818; 23 S. C., 173.

*Solicitor J. E. Boggs and Messrs. Haynsworth and Patterson,* contra. The latter cite: *Claim need not be in legal form:* 5 Strob., 158. *Not necessary to show supervisor was deceived:* 1 Arch. Cr. Pr., 465-472; 2 Arch. Cr. Pr.,

1387, 1398.    *Fraudulent intent may be shown by proof of similar offenses:* 56 S. C., 495; 2 Rich., 420; 1 Bail., 300; 2 Bail., 44; Harp., 59.

May 6, 1907.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The defendant was convicted of obtaining money under false pretenses on an indictment which charged that being steward of the county poor house, "he did unlawfully and falsely pretend to the county commissioners of Greenville County that the said county was indebted to him, the said D. B. Talley, in the sum of fifteen dollars for services as said steward from January the 1st, 1904, to April the 1st, 1904, and did make out and present a claim against said county for said amount, wherein he stated that the same was correct, just and due, and no part thereof was paid, which said false pretences the said D. B. Talley well knew to be false, by color and means of which false pretences he, the said D. B. Talley, did then and there procure from the county supervisor a check or warrant on the county treasurer, directing him to pay to the said D. B. Talley the said sum of money out of the funds of said county, which sum of money was then and there paid unto the said D. B. Talley on said check or warrant, which sum of money was then and there the property of said Greenville County, with intent to cheat and defraud said Greenville County, to the great damage of said county, against the form of the statute in such case made and provided and against the peace and dignity of the State."

There was ample evidence of defendant's act of making out and filing a claim against the county of Greenville for services for which he had already been paid, receiving the supervisor's check therefor and procuring its payment to him by the county treasurer.    These things were not denied by the defendant, but he testified he made out the claim and collected the money the second time through inadvertence and without intention to defraud the county.

The first contention is that the Circuit Judge should have directed a verdict of acquittal because there was no evidence that Speegle, the supervisor, who issued the check or warrant, was in fact deceived. There are many authorities supporting the general proposition that to make out the offense here charged proof of actual deception of the person from whom the money was obtained is essential. Our statute, however, is broad in its terms: "Any person who shall, by false pretence or representation, obtain the signature of any person to any written instrument, or shall obtain from any other person any chattel, money, valuable security, or other property, real or personal, with intent to cheat and defraud any person of the same, shall be guilty of a misdemeanor, and shall, on conviction, be sentenced to pay a fine not exceeding five hundred dollars, and undergo an imprisonment not exceeding three years. * * *"

Under this statute it is not essential to prove intent to cheat or defraud the person to whom the false representation is made, but it is sufficient to show obtaining money or other property by false pretence or representation of the person charged "from any other person * * * with intent to cheat or defraud any person of the same." Here, unless the whole transaction was due to inadvertence, the defendant obtained money from the county by means of the false representation that it was due by the county. The person holding the office of supervisor, or any other office, is not the representative of the county in the sense that his knowledge of the falsity of a claim is to be imputed to the county to the protection of one who fraudulently obtains public funds by such false claim. Corporations, public and private, as well as individuals, must often be held bound by the fraudulent acts of officers or trustees in their dealings with other persons who are innocent of fraud. But it is axiomatic that where the officer or trustee and the person dealing with him are both guilty of fraud in the transaction, the fraud completely strips off the quality of representation

and the trustee or officer is to be considered the mere instrument or conduit through which the fraud is perpetrated. Hence, even if Speegle was not deceived, and issued the warrant knowing the claim was fraudulent, his knowledge will not avail to protect the defendant as the perpetrator of the fraud from the charge of obtaining money under false pretence; for the moment Speegle joined in the fraud or assented to it, except as to innocent third persons, his power to bind the county in the matter was at an end, and his actual knowledge will not be imputed to him in his representative capacity as supervisor of the county of Greenville. This conclusion is in accord with the doctrine of agency as laid down in *Knobelock* v. *Bank,* 50 S. C., 259, 27 S. E., 962, and authorities there cited.

The foregoing discussion embraces and disposes of the exception charging error in the refusal of the Circuit Judge to charge "that Speegle was the representative of the county, and knowledge on the part of Speegle of the truth of the matter would be imputed to the county."

It is but just to say that the innocence of the treasurer in paying the check has not been questioned, and before the trial death had closed the lips of the supervisor, so that he could make no explanation of his conduct.

The defendant objected to the introduction of the account on which the warrant was issued, on the ground that it was not in form a legal claim against the county, in that it was not sworn to and had not been approved by the county board of commissioners, as required by the statute. We think there is no force in the objection. The issue to be decided was whether the defendant had obtained the warrant and received the money therefor on a false representation or pretence that the county owed him the money, and it was quite immaterial to this issue that the alleged false claim was not perfect in form.

Objection was made to the cross-examination of the defendant as to other duplicate claims which he had made out against the county. The cause depended on whether

the defendant had obtained double pay for the service mentioned in the account by fraud or by honest mistake. The burden being on the State in cases of this character to prove the fraudulent intent, it was competent to prove similar offenses. *State* v. *Allen,* 56 S. C., 495, 35 S. E., 204.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.