## 9996

### CLAYTON v. SOUTHERN RY. CO.

#### (96 S. E. 479.)

1. APPEAL AND ERROR—GROUNDS NOT URGED AT TRIAL.—Where the only objection to the testimony in the trial Court was that it was opinion evidence, contention on appeal that testimony was erroneously admitted because conjectural will not be considered.

2. TRIAL—TAKING JURY TO OFFICE OF WITNESS—DISCRETION.—Granting plaintiff's request that jury be taken to office of an expert witness for plaintiff who had made an X-ray examination of plaintiff's injuries to explain and illustrate his testimony by exhibiting plates was within discretion of the trial Court.

3. APPEAL AND ERROR—STRIKING OUT TESTIMONY—PREJUDICIAL ERROR.— In an action for injuries sustained in alighting from defendant's train, striking out testimony of conductor, "And I don't remember whether she said she couldn't see good or not, but I considered that that was what she meant by dropping her glasses," was without prejudice to defendant.

4. TRIAL—ARRANGEMENT OF CHARGE.—In an action for injuries sustained by plaintiff passenger while alighting from defendant's train, where charges complained of were not in themselves objectionable, failure to couple them with a charge on defense of contributory negligence cannot be deemed prejudicial error, when Judge elsewhere charged the law of negligence; mere arrangement of charge not being prejudicial.

5. TRIAL—COMMENT ON FACTS.—A charge which in effect instructed the jury that it was incumbent on plaintiff to prove the allegations of the complaint by the testimony in order to recover a verdict was not open to objection as a charge on the facts in violation of Const., art. V, sec. 26.

Before BOWMAN, J., Anderson, Fall term, 1917. Affirmed.

Action by Elma Clayton against the Southern Railway Company. Judgment for plaintiff, and defendant appeals.

The following are the exceptions to be reported:

1. It was error to permit the plaintiff to say, over the objection of defendant's attorney, "I would have fallen if I hadn't had on any shoes, I suppose." This was wholly a matter of conjecture, and not a case where the witness could give an opinion after stating the facts.

2. Because it was error to permit the jury, against the objection of defendant's attorneys, to be taken to the office of Dr. Ashmore, an expert witness for plaintiff, and there be witness of and take part in said issues and conversations, and hear discussions and arguments, the harm done being that the jury was surrounded by conditions in which the influences were wholly to the advantage of the plaintiff. And because the expert witness for defendant, Dr. Gibbes, who lived in Columbia, had no opportunity to explain and illustrate his testimony, as did Dr. Ashmore. And because it was irregular to try a case, even in part, away from the Court room.

3. Because it was error to strike out of the testimony of Conductor Lawson this statement: "And I don't remember whether she said she couldn't see good or not, but I considered that that is what she meant by dropping her glasses." He had immediately before stated that when he took up her ticket she told him she had dropped her glasses in the station at Columbia and had broken them. The only inference to be deduced was that the loss of her glasses affected her vision.

4. Because it was error to charge as follows: "If she convinces you by the preponderance of the testimony that she was injured and did suffer the damages mentioned in here, then you say was that injury or these damages caused by the carelessness and negligence of the company in the particulars named in the complaint? And, if you find that she was injured as a result of that, then it would be your

bounden duty to say how much she is entitled to. She would be entitled to damages." The error consists in this: The charge takes no account of the plea by defendant that plaintiff's own negligence and contributory negligence were the causes of the injury if she suffered any. It is immaterial that elsewhere his Honor charged on these points. The damage has been done.

5. It was error to charge as follows: "Just because she is hurt you can't give the railroad company's money just to compensate her feelings, and so forth, unless she suffered these injuries as a direct result of their carelessness and negligence." The charge ignores the pleas by defendant that if she suffered any injury, it was due to her own negligence, or her contributory negligence. True the Judge charged the law applicable to her own negligence and to her contributory negligence elsewhere, but the harm was done by this erroneous charge.

6. It was error to charge as follows, at request of plaintiff, without explaining or modifying the request to the effect that even if the carrier were negligent it was not liable if plaintiff's negligence contributed to the injury as a proximate cause thereof. "Whatever mode of conveyance, whether passenger, freight or mixed train, a carrier is liable for any negligence which is the proximate cause of injury to the passenger, and in that sense the law requires the highest degree of care in all cases, but in applying the rule the jury should take notice of the particular mode of conveyance."

7. Because it was error to charge plaintiff's 6th request, as follows: "Although a railroad company is not ordinarily under any duty to render assistance to a passenger in alighting from its train, yet if the company's servants, within the scope of their employment, undertake to render such assistance the railroad company will be liable for any negligence connected with the rendering of such assistance, provided such negligence is the proximate cause of the injury to the

passenger." The error consists in not charging in connection with this charge, the law applicable to the question of plaintiff's own negligence and contributory negligence.

8. His Honor erred by adding to the 8th request of plaintiff the following: "I don't like it much in that shape, but I believe it is my duty to charge it. If you find the facts that are alleged in there—and it is incumbent upon you to find that those are the facts before you can make any such verdict. The facts are with you, and if you can find that these are the facts, then that is the conclusion you should draw from them." The charge is objectionable because it is on the facts—it undertakes to instruct the jury what inference it should draw from a given state of facts; hence it violates the provision of section 26, article V of the Constitution, to wit: "Judges shall not charge juries in respect to matters of fact, but shall declare the law."

9. Because it was error to allow Dr. Ashmore, a witness for the plaintiff, to state in his office, in the presence of the jury and over the objection of defendant's attorney, that Mr. Ware had asked that he make a further X-ray examination; he had seen some plates and wanted to see if there was any improvement. This was an indirect way of stating Mr. Ware's opinion that on the 19th the plates he saw showed injury. It was hearsay. Mr. Ware was not a witness in the case.

*Messrs. Bonham, Watkins & Allen,* for appellant, cite: *As to opinion evidence:* 19 S. C. 70; 57 S. C. —; 58 S. C. 74; 87 S. C. 298-9.

*Messrs. A. H. Dagnall* and *Quattlebaum & Cochran,* for respondent, submit: *Defendant has not laid the proper foundation for a review of the question as to whether the admission of opinion evidence was error:* 3 S. C. 512; 13 S. C. 457; 53 S. C. 358; 56 S. C. 374; 60 S. C. 271; 59 S. C. 242; 56 S. C. 146; 68 S. C. 421. *As to opinion evidence:* 103 S.

C. 198; 61 S. C. 15; 105 S. C. 134; 93 Ga. 6; 19 S. E. 25; 59
S. C. 314; 19 S. C. 66; 57 S. C. 449; 62 S. C. 281; 72 S. C.
256; 82 S. C. 71; 93 S. C. 125; 95 S. C. 9; 102 S. C. 142;
Wig. Ev., sections 1917-1929; 3 Wig. Ev., sec. 1929. *As
to not being essential in civil cases that the trial be held in
the courthouse, but it may be held, either wholly or in part,
in another place or building as necessity or convenience may
demand:* 29 Conn. 137; 64 Vt. 511; 24 Atl. 1013; 18 Kan.
383; 119 Ky. 384; 84 S. W. 310; 27 Ky. L. R. 8; 121 S. W.
429; 100 Wis. 157; 75 N. W. 975; 69 A. S. R. 906; 41 L.
R. A. 563; 23 La. Ann. 43; 61 Fla. 8; 55 So. 851; 91 N. W.
856; 119 Ga. 108; 66 S. E. 64; 45 W. Va. 792; 32 S. E.
198; 84 S. C. 343. *A witness should not be permitted to
give his opinion of words and phrases:* 5 Encyc. Ev. 712.
*When a defendant thinks that the trial Judge is excluding
any testimony that is material and competent he should state
why and wherein it is competent, and, if ruled out, except to
the Judge's ruling, and ,failing to do this, he is deemed to
acquiesce in the ruling of the lower Court and cannot com-
plain in this Court:* 103 S. C. 363; 104 S. C. 340; 107
S. C. 248. *Admission of opinion evidence rests in the dis-
cretion of trial Judge, and there was no abuse of discretion
here:* 102 S. C. 142. *As to the decree of care due from
carrier to passenger:* 55 S. C. 392; 91 S. C. 139; 187 N. Y.
73; 79 N. E. 846; 10 L. R. A. (N. S.) 411; 116 Am. St.
Rep. 591; 10 Ann. 366; 207 Fed. 802; 10 C. J. 932.
*Judge's charge must be considered as a whole:* 96 S. C. 15;
95 S. C. 302; 88 S. C. 570. *A charge which assumes facts
hypothetically is not a charge upon facts:* 47 S. C. 488; 58
S. C. 380; 59 S. C. 248.

July 23, 1918.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

This is an action for personal injuries, alleged to have
been sustained by the plaintiff. The specific allegation of

negligence is that an agent of defendant, when plaintiff was alighting·from the train, held out his hand to assist her, but as she reached out to take hold of it he withdrew it and caused her to fall.    The defense was a general denial, negligence of plaintiff, and contributory negligence.    The jury rendered a verdict in favor of the plaintiff; and the defendant appealed upon exceptions, which will be reported and considered in their regular order.

First exception: The question raised by this exception thus arose while the plaintiff was on the stand as a witness: "At this point in her testimony, on cross-examination, the following occurred: 'Q. Isn't it a fact, Miss Clayton, that as you started to go down the steps that high heel shoe caught against something on the step, and that tripped you? A. Not until I got overbalanced.    When I got overbalanced it did.    Q. When you got overbalanced, it caught against something, and you tripped and fell?    A. Yes, sir.'    On her examination by her attorney in reply the following occurred: 'Q. Well, Miss Clayton, can you see how to walk down the steps without your glasses?    A. Certainly.    Q. Can you read without your glasses?    A. Yes, sir.    Q. Something has been said by the counsel about your shoes there.    What did your shoes have to do with your falling?    A. I would have fallen if I had not had on any shoes, I suppose.    By Gen. Bonham: Now, if the Court please, we object to the question and object to the answer. It is purely a matter of opinion.    Let her state what occurred. By Mr. Cochran: She has given the facts.    By the Court: Well, that is all right, just let it stand right where it is.' " (Gen. Bonham excepts.)

The appellant's attorneys, in their argument, thus state the proposition for which they contend:

"Exception 1 imputes error because the presiding Judge permitted plaintiff, over objection, to say: 'I would have fallen if I hadn't had on any shoes, I suppose.'    It is true defendant's counsel objected on the ground that this was an

opinion.   As a matter of fact, he should have said it was mere conjecture.   We frankly concede that a witness may give an opinion on a statement of the facts on which the opinion is predicated.   True, at folios 23 to 26 she gives a narrative of the occurrence, but nothing therein contained laid the foundation for her answer to this question by her counsel : 'What did your shoes have to do with your falling? A. I would have fallen if I hadn't had on any shoes, I suppose.'   We submit that is pure guessing, pure surmise, pure conjecture, and not an opinion."

The sole ground of objection to the testimony in question was that it was opinion evidence.   The appellant's attorneys, however, correctly concede that it cannot be so regarded, but they undertake to argue that it was erroneously allowed to be introduced, on a ground not interposed as an objection upon the trial of the case.   No grounds of objection except those urged upon the trial of the case are properly before this Court for consideration.

Second exception: No formal objection was made by the defendant's attorneys, who merely suggested that it might be inconvenient for the examination to take place in his (Dr. Ashmore's) office.

The granting of the request on the part of the plaintiff's attorneys was addressed to the discretion of his Honor, the presiding Judge, which it has not been made to appear was erroneously exercised.

Third exception: In no point of view can it be successfully contended that the ruling in question was prejudicial to the rights of the appellant.

Fourth, fifth, sixth and seventh exceptions: The appellant's attorneys, in their argument, say: "Exceptions 4, 5, 6 and 7 raise the issue that, whilst the words therein given in the charge are in themselves without objection, they become objectionable because they are not coupled with an apt charge on the points of negligence and contributory negligence set up in the defense.   It

is to be admitted that the Judge elsewhere charged the law
of negligence.    But it is respectfully submitted that that did
not cure the harm done."

The appellant's attorneys have failed to satisfy this Court
that the mere arrangements of the charge, containing correct
propositions of law, resulted in prejudicial error.

. Eighth exception: His Honor, the presiding Judge,
charged the jury, in effect, that it was incumbent on
the plaintiff to prove the allegations of the complaint
by the testimony in order to recover a verdict.

Ninth exception: There are no reasonable grounds for
supposing that the ruling may have affected the result of the
trial.

Affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur.

MR. JUSTICE GAGE did not sit.