## 10781

## STATE v. COOPER

### (110 S. E. 152)

1. CRIMINAL LAW—REFUSAL TO REQUIRE STATE TO NAME PARTICULAR DATE NOT ERROR.—In murder prosecution refusal to require State to elect as to a particular date *held* not error.

2. CRIMINAL LAW—COURT'S STATEMENT TO JURY AS TO WHY CERTAIN WITNESS WAS NOT PERMITTED TO TESTIFY HELD HARMLESS.—In prosecution for murder, action of Court in stating to the jury the reason why a certain witness was not permitted to testify *held* harmless, in the absence of a showing of prejudice, since the jury had no right to consider any testimony except that which was properly before them.

3. CRIMINAL LAW—INSTRUCTIONS DEFINING REASONABLE DOUBT HELD NOT ERROR.—In a prosecution for murder instructions defining a reasonable doubt as a "substantial doubt" and a doubt "such as would influence a man of ordinary reason and prudence in the conduct of his own affairs" *held* not error in view of the charge as a whole.

4. CRIMINAL LAW—EXCEPTION NOT CONTAINING CONCISE STATEMENT OF ONE PROPOSITION OF LAW OR FACT NOT CONSIDERED.—An excep-

tion which did not contain a concise statement of one proposition of law or fact as required by Supreme Court Rule No. 5 (90 S. E. vii) will not be considered.

5.  CRIMINAL LAW—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE HELD NOT ON WEIGHT OF EVIDENCE.—In a homicide prosecution instruction that circumstantial evidence is as good as direct evidence *held* not objectionable as on the weight of the evidence in view of other portions of the charge.

6.  CRIMINAL LAW—INSTRUCTION AS TO DEGREE OF PROOF HELD NOT ERROR.—In a homicide prosecution instruction, "In other words, after all the dissertations, all that is meant is that the jury must be satisfied in their minds by the testimony of the existence or non-existence of the facts under consideration," *held* not ground for reversal.

7.  HOMICIDE—INSTRUCTION ON CONSPIRACY NOT GROUND FOR REVERSAL IN ABSENCE OF SHOWING OF PREJUDICE.—In homicide prosecution instruction on conspiracy, if error, was not ground for reversal in the absence of a showing of prejudice.

8.  CRIMINAL LAW—DENIAL OF NEW TRIAL NOT REVERSIBLE ERROR WHERE NO PREJUDICIAL ERROR IS SHOWN.—Refusal to grant a new trial for alleged errors in the charge *held* not ground for reversal in the absence of a showing of prejudicial error.

Before McIVER, J., Marlboro, July, 1921.   Affirmed.

C. D. Cooper indicted for the murder of Nick Dulico, found guilty with recommendation to mercy and appeals.

The exceptions referred to in the opinion follow:

(1)   It is respectfully submitted that the Court committed error in not requiring the State to elect a date upon which it relied as the date of the commission of the crime so that the defendant might be advised of the time he was charged with having committed murder.

(2)   In stating to the jury the reason why the witness, Mrs. Chauncey, was not permitted to testify, it being respectfully submitted that, the Court having ruled that the defendant was incompetent in the absence of the jury, it was prejudicial error to state to the jury that the Court had heard what the witness had to say, and that the Court held and ruled that her testimony was not legally competent,

therefore the Court did not submit it to the jury; it being respectfully submitted that these words carried to the jury the idea that the witness, Mrs. Chauncey, knew something that was detrimental to the defendant, but it was not legally competent for her to say what this damaging testimony was, and left it to the jury to infer as it might see fit.

(3) It is respectfully submitted that his Honor committed error in charging the jury: "I do charge you as a matter of law that reasonable doubt is a doubt such as would influence a man of ordinary reason and prudence in the conduct of his own affairs, and I tell you that is what the law means when it speaks of reasonable doubt."

(4) It is respectfully submitted that the presiding Judge commited error in charging the jury that a reasonable doubt means a "substantial doubt, such as would influence a man of ordinary reason and prudence in the conduct of your affairs in life.

(5) It is respectfully submitted that the presiding Judge committed error in charging the jury that a reasonable doubt means a "substantial doubt, such as a man of ordinary reason and prudence, in the affairs of life, would act upon in his own business."

(6) It is respectfully submitted that his Honor committed error in the charging of jury: "It is proper that I should tell you that there are two kinds of evidence that the law recognizes and recognizes as of equal weight and value: First, direct evidence or testimony, and that means that what the witness swears to he saw somebody else do or heard somebody else say, or knows of his own knowledge that is direct evidence. There is also another kind that is called circumstantial evidence, and which the law recognizes as just as good as direct evidence, and that is where a certain number or any number of surrounding circumstances all of which point unerringly to the guilt of the defendant and exclude any other reasonable hypothesis or theory than

to the guilt of the defendant. The law says that is circumstantial evidence, and it is sufficient if it satisfies the jury sufficiently to act on. Some law-writers have said that circumstantial evidence is, in their opinion, stronger than direct evidence, and for reason that circumstances do not lie, and therefore their opinion is that you cannot connect a series of lies all of which would point unerringly to his guilt and that, therefore, it is stronger than direct evidence. I do not believe that is the fact and I do not think it is the law as established in this State but I do say to you as law that circumstantial evidence is to be taken by the jury, independently of what their idea may be. I charge you as law that circumstantial evidence is to be taken by the jury if all of the circumstances unerringly point to the guilt of the defendant and exclude every other reasonable theory, and you are required to take that from me as a statement of the law."

(7) It is respectfully submitted that it was error for the presiding Judge to say to the jury in effect that circumstantial evidence is as good as direct evidence, and in saying that circumstantial evidence is equally as strong as direct testimony, and that circumstantial evidence is to be taken by the jury as positive evidence. It is respectfully submitted that in this part of the charge the presiding Judge charged upon the facts, and instructed the jury what weight to give the testimony. It is a matter entirely for the jury to pass upon. It is respectfully submitted that the question of weight to be given to the testimony, whether direct or positive, is to be determined by the jury, and it is reversible error for the presiding Judge to say to the jury that one piece of evidence is as strong as another.

(8) It is respectfully submitted that his Honor committed error in charging the jury: "In other words, after all the dissertations, all that is meant is that the jury must be satisfied in their minds by the testimony of the existence or nonexistence of the facts under consideration."

(9) It is respectfully submitted that his Honor committed error in charging the jury: "On the other hand, if the State has proved that to your satisfaction, from the facts and circumstances of the case, beyond a reasonable substantial doubt, a doubt such as you would act on as a reasonable man in the conduct of your affairs, if the State has done that, of course it is entitled to a verdict."

(10) It is respectfully submitted that his Honor committed error in charging the law of conspiracy, it being submitted that there was no testimony tending to show the conspiracy, and that his Honor committed error in charging the law of conspiracy: "Now, the Solicitor asks, I believe, that you be charged on the law governing conspiracy. Conspiracy, gentlemen, is where two or more persons act in concert, act together in a common enterprise or purpose and, in the carrying out of that common enterprise or purpose, in which they are leagued together or gathered together, there is concert of action between them, then the act of one is the act of all, even though the one charged with doing the act did not do the act himself. Presuming now that the State has satisfied you beyond a reasonable doubt that the parties charged were in a league together, that they conspired together and acted in concert in the doing of an act, and that in the doing or carrying out of that act some one was killed, that act would be the act of all; but, as I charge you, the State must satisfy you of that beyond a reasonable doubt."

(11) It is respectfully submitted that the presiding Judge committed error in not granting the motion for a new trial, on grounds substantially as set forth herein; it being respectfully submitted that the attorney for defendant, in withdrawing the requests to charge and stating that the law had been covered, did not thereby waive any rights to appeal from the errors of the law as it was covered. The statement of the presiding Judge in discussing the question of reasonable doubt in refusing the motion for a new trial

showing that he had charged the jury what he thought the law was, and for the defendant to have argued with the presiding Judge as to the correctness of his charge at that time would have been improper; and for the attorney for the defendant to request the proposition of law exactly contrary to what the Judge had charged the law to be (after the matter was presented to him and the authorities cited he still thought the law to be as charged) would have prejudiced the defendant, and would have been entirely improper. The presiding Judge had not inadvertently neglected anything to which his attention should have been called, but, after he had defined and redefined a reasonable doubt in substantially the same language, it would have been highly prejudicial to the defendant's case to have requested a different construction of the law.

*Mr. J. K. Owens,* for appellant, cites: *Reasonable doubt*: 20 S. C., 455; 32 S. C., 404; 91 S. C., 243; 34 Mo., 201; 139 Pa., 77; 31 L. R. A., 294; 18 Minn., 208; 44 Cal., 288; 41 Tex., 560; 17 L. R. A., 705.

*Mr. J. Monroe Spears, Solicitor,* for the State.

December 19, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant, C. D. Cooper, was tried for murder; and the jury rendered a verdict of guilty with a recommendation to mercy, whereupon his Honor, the presiding Judge, imposed upon him the sentence of life imprisonment. The defendant appealed to this Court upon exceptions, which will be reported.

First exception: The cases of *State v. Branham*, 13 S. C., 389, and *State v. Reynolds*, 48 S. C., 384; 26 S. E., 679, show that this exception cannot be sustained.

Second exception: The jury had no right to take into consideration any testimony except that which was properly before them; and it has not been made to appear that the ruling of his Honor, the presiding Judge, was prejudicial to the defendant.

Third, fourth, fifth, and ninth exceptions: These exceptions raise the main question upon which the appellant's attorney relies. When considered in its entirety, the following cases show that the charge was free from error: *State v. Aughtry,* 49 S. C., 285; 26 S. E., 619; 27 S. E., 199; *State v. Ferguson,* 91 S. C., 235; 74 S. E., 502; *State v. McAlister,* 114 S. C., 402; 103 S. E., 772; *State v..Powers,* 59 S. C., 200; 37 S. E., 690.

Sixth exception: Rule 5 of the Court (90 S. E., vii) requires that each exception must contain a concise statement of one proposition of law or fact, which this Court is asked to review. The case of *Hayes v. McGill,* 116 S. C., 375; 108 S. E., 150, in which the opinion was recently filed, shows that this exception cannot be considered.

Seventh exception: In addition to the charge mentioned in the exception, his Honor, the presiding Judge, also charged the jury:

"So, gentlemen, after all, the evidence or testimony is for the purpose of carrying home to your minds a conviction of a fact; and when that is done that is all the law requires. It matters not whether the evidence is direct, positive, or circumstantial; if the testimony carries to your minds a conviction of the facts to be considered, why it is sufficient, because after all that is what we have testimony for; all we have it introduced for is to carry conviction to the minds of the jury; and I charge you that the conviction so carried to the minds of the jury must be such as to convince the jury beyond a reasonable doubt of the existence of the facts of a situation."

This exception is overruled.

Eighth exception: It has not been made to appear that there was error in the charge.

Tenth exception: It has not been shown that, even if there was error, it was prejudicial.

Eleventh exception: This exception must be overruled, as no prejudicial error has been shown.

Affirmed.