### 10961

### STATE v. OWENS

### (117 S. E., 526)

1. CRIMINAL LAW—NO REVIEW OF ADMISSION OF EVIDENCE TO WHICH NO OBJECTION MADE IN TRIAL COURT.—The question of the admission of evidence which was admitted without objection and concerning which the trial Judge made no ruling is not properly before the Supreme Court.

2. CRIMINAL LAW—APPELLANT MUST RELY ON GROUNDS OF OBJECTION TO ADMISSIBILITY OF EVIDENCE SPECIFIED IN TRIAL COURT.—Where testimony is received under objection, an appellant must rely upon the specific grounds of objection assigned on the trial.

3. CONSTITUTIONAL LAW—ADMISSIBILITY OF INCOMPETENT EVIDENCE IN CASE WHERE ACCUSED HAS NO ATTORNEY NOT DENIAL OF "DUE PROCESS."—The admission of incompetent testimony on the trial of a defendant not represented by a counsel does not amount to a denial of due process of law, within Const. Art. 1, Sec. 5.

4. CONSTITUTIONAL LAW—FIFTH AMENDMENT TO FEDERAL CONSTITUTION NOT APPLICABLE TO STATE GOVERNMENTS.—The limitations of the Fifth Amendment to the Federal Constitution do not apply to the powers of state governments.

5. CRIMINAL LAW—TRIAL CONDUCTED BY DEFENDANT HIMSELF TREATED AS THOUGH HE WAS REPRESENTED BY COUNSEL.—A trial conducted by defendant himself will be treated as though he had been represented by a counsel, but technical rules should be applied with less stringency.

---

NOTE.—On admissibility of evidence of other crimes in criminal case to show intent see note in 62 L. R. A. 193.

6. CRIMINAL LAW—EVIDENCE OF OTHER CRIMES ADMISSIBLE TO SHOW KNOWLEDGE, INTENTION, OR BAD FAITH.—While evidence of other crimes is not admissible to raise an inference of guilt or to impeach defendant's character when not put in issue, such evidence is admissible to show guilty knowledge, intention, or bad faith of the defendant.

7. CRIMINAL LAW—EVIDENCE OF ADMISSION OF OTHER CRIMES NOT SHOWN TO BE PREJUDICIAL.—In a prosecution for larceny, the admission of other crimes of larceny from the same party *held* not shown to be prejudicial error.

Before MAULDIN, J., Greenville, May, 1921. Appeal dismissed.

Foster Owens convicted of car breaking and larceny appeals.

. *Mr. Jos. R. Bryson,* for appellant, cites: *Evidence of other crimes inadmissible:* 63 S. E., 1043; 46 S. E., 897; 56 S. C., 495; 38 Ann. Cas., 169; 10 R. C. L., 939, Pa., 107-09; 60 L. R. A., 716; 8 Pac., 920; 16 C. J., 586; 1 Whart. Crim. Ev., 47; 18 S. W., 330; 34 Pac., 1078. *Duty of Court to reject improper testimony of its own motion:* 35 S. W., 981; 61 A. L. R., 837.

*Mr. David W. Smoak, Solicitor,* for the State.

August 6, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant was tried before Judge T. J. Mauldin and a jury in the Court of General Sessions for Greenville County May 12, 1921, and convicted of car breaking and larceny. The exceptions allege error in the admission of certain testimony tending to establish the prior commission by the defendant of other and distinct crimes of larceny. Upon cross-examination by the Solicitor, the defendant's witness, L. P. Moser, testified that the defendant had been on the chain gang for stealing one or more times, and that while on the chain gang for stealing he had broken loose and stolen brass from the Piedmont & Northern Rail-

road.   No objection was interposed by defendant to the ad-
mission of .this testimony.   A motion for new trial was.
made and refused, but the alleged erroneous admission of
this testimony was not assigned as a ground of that motion.

It is apparent that under the established rules of ap-
pellate practice the question thus sought to be raised
is not properly before this Court.   The defendant has
no right to complain of the admission of incompetent testi-
mony to which no objection was made in apt time on the
trial below.   Even where testimony is received under ob-
jection, an appellant in this Court must rely upon the specific
grounds of objection assigned on the trial.   *Clayton v. Rail-
way Co.,* 110 S. C., 122; 96 S. E., 479.   Since the record
shows that no objection was interposed to the admission of
the alleged incompetent testimony, and that no ruling was.
ever made thereon by the Circuit Judge, the conclusion fol-
lows that the exceptions must be overruled, unless good and
sufficient cause has been shown for exempting the appellant's
case from the application of the general rule.

Careful consideration has been accorded the conten-
tion, earnestly urged by appellant's counsel, that the
general rule should not be applied in the case at bar.
The grounds of that contention are that on the trial below
defendant was not represented by counsel, and that the effect
of the introduction of the testimony in question was to de-
prive him of a fair and impartial trial in contravention of
the rights guaranteed by the provisions of Article 5 of
Amendments to the Constitution of the United States and of
Section 5 of Article 1 of the Constitution of South Caro-
lina.   The constitutional provisions invoked are the "due
process" clauses.   The limitations of Article 5 of Amend-
ments to the Federal Constitution, it has long been settled, do
not apply to the powers of State Governments.   *State v.
Atkinson,* 40 S. C., 370; 18 S. E., 1021; 42 Am. St. Rep.,
877.   No authority has been cited or reason advanced in sup-
port of the proposition that the admission of incompetent tes-

timony on the trial of a defendant not represented by counsel
amounts to a denial of due process of law.   Obviously, 'as
we think, in such case the "due process" provision is not
applicable.   The State' Constitution itself (Article 1, § 18)
very fully sets out the primary rights guaranteed an accused
in criminal prosecutions.   Among these is the right "to be
fully heard in his defense by himself or by his counsel or
by both."   In the case at bar the record discloses that the
defendant was fully heard in his own defense by himself.
He appears to have cross-examined intelligently the state's
witnesses, to have introduced a number of witnesses in his
own behalf, to have examined them effectively, to have ex-
ercised the privilege of not going on the stand himself, and,
after conviction, to have made a motion for a new trial on
the ground that he "could not be convicted on the uncorrob-
orated evidence of a codefendant."   The record contains
the statement that "the defendant was unable to employ
counsel to represent him at the trial."   But the record also
discloses that notice of intention to appeal was duly given,
and that defendant was able to employ counsel to perfect and
argue his appeal in this Court.   There is nothing to indicate
that defendant was not entirely ready and willing to proceed
with the trial of his case without counsel, and a careful ex-
amination of the record rather tends to create the impression
that defendant was not a stranger to Courts and their pro-
ceedings, and that he was not at all averse to exercising his
constitutional right to try his own case.   However much of
truth there may be in the old adage that "the man who is
his own lawyer has a fool for a client," it is also true that
"pleading his own case" is sometimes the shrewdest appeal
an accused can make to the sympathetic interest and favor-
able consideration of. the 12 laymen who sit in the jury box.
While in such cases technical rules should be applied with
much less stringency, "a trial conducted by the defendant
himself is to be treated in every way as though he had been
represented by counsel."   8 R. C. L., p. 83, § 39.   See

15—S. C.—124

*Dietz v. State,* 149 Wis., 462; 136 N. W., 166, Ann. Cas., 1913C, 732.  *Lopez v. State,* 46 Tex. Cr. R., 473; 80 S. W., 1016.  *State v. Kelly,* 25 La. Ann., 382.  *Compton v. State,* 67 Tex. Cr. R., 15; 148 S. W., 580.  *State v. Yoes,* 67 W. Va., 546; 68 S. E., 181; 140 Am. St. Rep., 978, note Ann. Cas., 1913C, p. 739.

Appellant's proposition therefore resolves itself into the contention that the record so clearly discloses a miscarriage of justice that this Court should set aside the verdict and award a new trial.  If satisfied that the defendant for any reason had been deprived of a substantial right on the trial below or that the ends of justice would be promoted thereby, the Court would not hesitate to pursue that course.  But there are two considerations in the case at bar which preclude acceptance of the appellant's view of the Court's duty in that regard.

In the first place, it is a matter of grave doubt as to whether the testimony complained of was really incompetent.  The evidence for the state tended to establish that a Piedmont & Northern Railway car about 300 yards from defendant's home had been entered, and flour and coffee taken therefrom, and that a part of the stolen goods had been found in defendant's dwelling.  Defendant introduced testimony tending to show that the stolen goods in his home had been put there without his knowledge or consent.  The good faith of defendant in the matter of the possession of the stolen goods was a vital element of the defense.  While, of course, evidence of other distinct crimes is not admissible to raise an inference of guilt or to impeach defendant's character when not put in issue, such evidence is admissible in certain cases to show the guilty knowledge, intention, or bad faith of the defendant.  Thus, as stated by Judge Freeman in note to *Sykes v. State* (Tenn.), 105 Am. St. Rep., 997:

"It is frequently said that evidence of other crimes is admissible to rebut a possible inference of innocent intention,

or *rebut a defense based on evidence, tending to show an absence of guilty knowledge or intent."*   (Italics added.).

For an extended review of the authorities, see *Note,* 105 Am. St. Rep., 977.   In this state such evidence has been held admissible in cases of forgery (*State v. Allen,* 56 S. C., 495; 35 S. E., 204.   *State v. Petty,* Harp. 59.   *State v. Houston,* 1 Bailey, 300.   *State v. Williams,* 2 Rich., 418; 45 Am. Dec., 741), of counterfeiting (*State v. Antonio,* 3 Brev., 562), of obtaining money under false pretenses (*State v. Talley,* 77 S. C., 99; 57 S. E., 618; 11 L. R. A. (N. S.), 938; 122 Am. St. Rep., 559), of receiving stolen goods (*State v. Jacob,* 30 S. C., 131; 8 S. E., 698; 14 Am. St. Rep., 897).   In the case at bar, in the writer's opinion, the testimony as to other crimes of larceny, particularly from the same party, the Piedmont & Northern Railway, was competent to rebut the defense of innocent possession of the stolen goods found in defendant's house.

But the second consideration which precludes acceptance of appellant's view—and it is upon this ground that the Court's decision is rested—is that, even if the admission of the testimony complained of had been technically erroneous, there is no satisfactory showing that defendant thereby suffered such prejudice as would justify this Court in granting a new trial.   *State v. Cooper,* 118 S. C., 300; 110 S. E., 152.

For the reasons stated, the appeal is dismissed.

Mr. Chief Justice Gary and Messrs. Justices Watts and Cothran concur.